OPINION OF THE COURT
Per Curiam.
Respondent was admitted to the practice of law by this Court on January 9, 1992, and maintains an office in Williamsville. The Grievance Committee filed a petition alleging three charges of misconduct against respondent, including misappropriating client funds and failing to make and keep required trust account records. Respondent filed an answer denying certain allegations, and this Court appointed a referee to conduct a hearing. Prior to the hearing, however, the parties entered into a stipulation resolving all factual issues concerning the charges of misconduct. The Referee thereafter conducted a hearing concerning matters in mitigation only and filed a report making findings in mitigation. Respondent moves to confirm the findings of the Referee, and the Grievance Committee moves to confirm those findings, in part, and for a final order of discipline. Respondent additionally filed with this Court a statement in mitigation and appeared before the Court and was heard in mitigation.
With respect to charge one, respondent admits that, from September 2009 through November 2013, on 11 occasions he withdrew from his trust account client funds in the total amount of $149,000 and used the funds for personal purposes. Respondent further admits that, during that time period, the balance in his trust account was substantially below an amount sufficient to meet his obligations to clients and others. Respondent additionally admits that, on four occasions, he deposited into his trust account personal funds in the total amount of $145,892 and that most of those deposits occurred when trust account obligations were coming due.
With respect to charge two, respondent admits that, during the relevant time period, he failed to make and keep required records concerning transactions involving funds received by him in relation to his practice of law, to identify his trust account as an “attorney special account,” “attorney trust account,” or “attorney escrow account,” and to obtain checks and deposit slips that bear such title.
*85 With respect to charge three, respondent admits that, in December 2009, he received settlement funds belonging to an estate in the amount of $95,000; which were subject to an order of Supreme Court, Erie County, directing him to hold in escrow $20,000 pending the satisfaction of any Medicare liens. Respondent admits that, from September 2010 through November 2013, the balance in his trust account fell substantially below $20,000 and, in November 2013, he borrowed funds from a relative to disburse to the beneficiaries of the estate the remaining settlement funds, but he did so without confirming the absence of any Medicare liens.
The Referee in his report found in mitigation that several hearing witnesses provided testimony regarding respondent’s reputation for honesty and dedication to his clients; that respondent has entered into a mentoring relationship with an attorney to ensure that he complies with the disciplinary rules governing trust accounts and safeguarding client funds; and that no client was permanently harmed by the misappropriation at issue herein.
We confirm the Referee’s findings in mitigation inasmuch as they are supported by the record. Based on the admissions in respondent’s answer, however, we find him guilty of professional misconduct and conclude that he has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.15 (a) — misappropriating funds belonging to another person and commingling personal funds with such funds;
rule 1.15 (b) (1) — failing to maintain in a special account, separate from his business or personal accounts, funds belonging to another person;
rule 1.15 (b) (2) — failing to identify his trust account as an “attorney special account,” “attorney trust account,” or “attorney escrow account” and to obtain checks and deposit slips that bear such title;
rule 1.15 (d) (1) — failing to maintain for seven years required records of transactions in his trust account and any other bank account concerning or affecting his practice of law;
rule 1.15 (d) (2) — failing to make contemporaneous and accurate entries of all financial transactions in his records of receipts and disbursements, ledger books, and any other books of account kept by him in the regular course of his practice;
rule 1.15 (e) — making withdrawals from a special account payable to cash and not a named payee;
*86 rule 3.4 (c) — disregarding a ruling of a tribunal made in the course of a proceeding;
rule 8.4 (c) — engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;
rule 8.4 (d) — engaging in conduct that is prejudicial to the administration of justice; and
rule 8.4 (h) — engaging in conduct that adversely reflects on his fitness as a lawyer.
We have considered, in determining an appropriate sanction, the findings in mitigation set forth in the aforementioned report of the Referee and respondent’s statement in mitigation, including his expression of remorse for the misconduct. Additionally, we have considered in aggravation of the charges that, for an extended period of time, respondent knowingly misappropriated for personal gain funds that were entrusted to him by clients and others. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended from the practice of law for a period of one year and until further order of the Court.
Smith, J.R, Cajrni, Valentino and DeJoseph, JJ., concur.
Order of suspension entered.